**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 15 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONICA SUSANA CHAVEZ, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   16-70438

Agency Nos.   A202-122-289
              A202-122-290

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:   McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Monica Susana Chavez and her minor son, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, and denying Chavez's application for withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the harm they experienced or fear was or will be on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, the asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Chavez failed to show that it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**